UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Milwaukee Mutual Insurance Company
n/k/a Milwaukee Insurance Company,

    Plaintiff,

v.

Val Pro, Inc.; Kraus-Anderson
Construction Company, and The Lofts
at International Market Square
Condominium Association,

    Defendants.

Case No. 12-CV-1658 (JNE/JJK)
ORDER

Plaintiff Milwaukee Mutual Insurance Company ("Milwaukee") brought this action against Defendants Val Pro, Inc. ("Val Pro") and Kraus-Anderson Construction Company ("Kraus-Anderson") seeking, among other things, a declaratory judgment that it has no duty to defend either of them in an underlying lawsuit in Minnesota state court that has now settled. Val Pro and Kraus-Anderson both asserted counter-claims against Milwaukee, and Kraus-Anderson also asserted a cross-claim against Val Pro.

The case is now before the Court on three motions: Val Pro's Motion for Summary Judgment on Claim for Attorney's Fees, ECF No. 89; Kraus-Anderson's Motion for Summary Judgment on Claim for Attorney's Fees and Costs Incurred in this Action, and to Compel Plaintiff's Compliance with the Court's December 20, 2012 Order, ECF No. 97; and Milwaukee's Motion for Summary Judgment Against Val Pro, Inc. and Kraus-Anderson Construction Company, ECF No. 104.

1

As explained below, the Court will deny Milwaukee's summary judgment motion and grant Val Pro and Kraus-Anderson's motions for the attorney's fees and costs they have incurred in defending this action.

**Discussion**

**I.     Milwaukee's Motion for Summary Judgment.**

Milwaukee seeks summary judgment on its claims that it has neither a duty to defend nor a duty to indemnify Val Pro and Kraus-Anderson in the underlying lawsuit. Milwaukee contends that the Defendants have not met their burden of establishing coverage under the commercial general liability policies Milwaukee issued in 2004, 2005, and 2006, and that the settlement of the underlying lawsuit necessarily precludes them from doing so in the future.

Milwaukee's position is not tenable. The parties were last before the Court on a previous round of summary judgment motions in December 2012. At that time, and after considering all the arguments against coverage that Milwaukee renews here, the Court issued an order stating that "Milwaukee has a duty to defend Val Pro and Kraus-Anderson in the underlying action titled *The Lofts at International Market Square Condominium Association v. IMS Lofts, LLC, et al.*, Court File No. 27-CV-12-2943, currently pending in the District Court of Hennepin County, Minnesota." ECF No. 57. In recognition that the underlying lawsuit was then ongoing, the Court declined to enter judgment, denied the motions before it "[i]n all other respects" and without prejudice, and specified that "Milwaukee's duty to defend Val Pro and Kraus-Anderson . . . shall continue until such time as it is no longer arguable that any property damage was sustained during the pertinent Milwaukee policy periods." *Id.*

Minnesota law mandated such an approach. To determine an insurer's duty to defend under the terms of a commercial general liability policy like the ones at issue here, Minnesota utilizes a burden-shifting scheme. Under this scheme, the insured bears the initial burden of establishing that "any part of the [underlying] claim against [it] is arguably within the scope of protection afforded by the policy." *Franklin v. Western Nat'l Mut. Ins. Co.*, 574 N.W.2d 405, 406-07 (Minn. 1998) (internal citation omitted). At this step, the "policy should be construed as a whole with all doubts concerning the meaning of language employed to be resolved in favor of the insured," *Haarstad v. Graff*, 517 N.W.2d 582, 584 (Minn. 1994) (internal quotation and citation omitted), and "[a]ny ambiguity regarding coverage is resolved in favor of the insured," *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 316 (Minn. 1995) (internal citation omitted), *overruled on other grounds by Bahr v. Boise Cascade Corp.*, 766 N.W.2d 910 (Minn. 2009). If the insured makes the prima facie showing, the burden then shifts to the insurer to establish that "all parts of the [underlying] cause of action fall clearly outside the scope of coverage." *Jostens, Inc. v. Mission Ins. Co.*, 387 N.W.2d 161, 165-66 (Minn. 1986) (internal citation omitted).

If the Court determines through this analysis that the insurer does have a duty to defend, that duty encompasses the entire underlying action – not just the claim or part of a claim that is arguably within the scope of coverage – and is considered to run retroactively from the time the insured first tendered its defense. *Jostens, Inc. v. CAN Ins., Continental Cas. Co.*, 336 N.W.2d 544, 545 (Minn. 1983) (no apportionment of defense costs where part of cause of action falls outside scope of coverage); *Economy Fire & Cas. Co. v. Iverson*, 445 N.W.2d 824, 827 (Minn. 1989) (insurer obligated to pay all legal costs incurred by insured "up to the time the

3

[underlying] suit was settled"), *overruled on other grounds by American Standard Ins. Co. v. Le*, 551 N.W.2d 923, 927 (Minn. 1996).

With that said, Minnesota recognizes that, where the underlying lawsuit is ongoing at the time the insurer's duty to defend is judicially determined, facts and circumstances may yet develop such that the insurer may in the future be able to show that there is no longer any possibility that any part of the underlying case is covered by the policy. *Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 416 (Minn. 1997) (insurer defending under a reservation of rights can withdraw from defense "once all arguably covered claims have been dismissed with finality" from the underlying action). In other words, once the Court determines that the insurer has a duty to defend, that duty continues through the resolution of the underlying case unless later developments enable the insurer to meet its burden of showing that all parts of the underlying lawsuit fall clearly outside the scope of coverage.

This possibility – that future developments in the underlying lawsuit may have allowed Milwaukee to meet *its* burden of establishing that it had no *continuing* duty to defend – is what the December 2012 Order was structured to accommodate. However, in renewing its Motion for Summary Judgment here, Milwaukee brings to bear only the following new evidence from the underlying case: an updated Engineering Report issued on December 14, 2012, which opines that "moisture intrusion . . . has likely occurred on an ongoing basis since the condominium conversion"; and documented complaints from three condominium owners regarding the seals on windows and doors in their units and resulting water leakage which date to the time period before the Milwaukee policies expired.

As Milwaukee misguidedly devotes its summary judgment memoranda to its contention that Val Pro and Kraus-Anderson still bear the burden despite the Court's clear decision to the

4

contrary in the December 2012 Order, Milwaukee offers no argument – and no reasonable one is apparent – as to how this evidence could be construed to satisfy *its* burden of showing that "it is no longer arguable that any property damage was sustained during the pertinent Milwaukee policy periods."

The Court will deny Milwaukee's Motion for Summary Judgment. As the underlying case has settled, this denial is with prejudice insofar as the motion relates to Milwaukee's duty to defend Val Pro and Kraus-Anderson in that action. The denial is without prejudice insofar as the motion relates to Milwaukee's duty to indemnify Val Pro and Kraus-Anderson. *See, e.g., Economy Fire*, 445 N.W.2d at 827 ("The duty to defend is not dispositive, of course, of whether a duty exists to indemnify.")

**II. Val Pro's Motion for Summary Judgment.**

Val Pro seeks summary judgment on Count III of its Amended Counterclaims against Milwaukee, wherein it asserts a claim for reimbursement of the costs it has incurred in defending this declaratory judgment action. Val Pro argues that it is entitled to that reimbursement by a fee-shifting provision in the insurance policies it purchased from Milwaukee.

Milwaukee opposes Val Pro's motion on ripeness and justiciability grounds, arguing in its opposition memorandum that the motion is premature because the question of Milwaukee's duty to defend has not yet been finally resolved. That argument is foreclosed by the decision explained above.

At oral argument on the motion, Milwaukee offered an additional argument, asserting that it cannot be made to pay Val Pro's defense costs from this case because it accepted Val Pro's tender in the underlying lawsuit and defended it throughout those proceedings.

5

Milwaukee's argument misses the mark. Milwaukee apparently relies on the principle expressed by the Minnesota Supreme Court that "[a]ttorney fees are recoverable in a declaratory judgment action only if there is a breach of a contractual duty or statutory authority exists to support such an award." *American Standard Ins. Co. v. Le*, 551 N.W.2d 923, 927 (Minn. 1996) (citing *Morrison v. Swenson*, 142 N.W.2d 640, 647 (Minn. 1966)), *abrogated on other grounds by Rubey v. Vannett*, 713 N.W.2d 417 (Minn. 2006). Under that rule, the insurer must pay the expenses incurred by the insured in successfully defending the declaratory judgment action only if "the insurer has breached the insurance contract in some respect – usually by wrongfully refusing to defend the insured." *Id.* In those circumstances, the insured's fees and costs from the declaratory judgment action are awarded as "damages arising directly as the result of the [insurer's] breach" of its contractual duty to defend. *Morrison*, 142 N.W.2d at 647.

Val Pro, however, does not seek reimbursement of its costs as damages arising from Milwaukee's breach of its contractual duty to defend. Rather, Val Pro pins Milwaukee's obligation to pay its defense costs in this action to a fee-shifting provision of the insurance policies that provides that Milwaukee will pay "[a]ll reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit.'"

The Minnesota Supreme Court has held that a virtually identically-worded provision in a commercial general liability policy obligates the insurer to pay the insured's costs in successfully defending a declaratory judgment action. *Atlantic Mut. Ins. Co. v. Judd Co.*, 380 N.W.2d 122, 126 (Minn. 1986) (policy stated insurer would pay "reasonable expenses incurred by the insured at the company's request in assisting the company in the investigation of any claim or suit"); *Security Mutual Casualty Co. v. Luthi*, 226 N.W.2d 878, 883-85 (Minn. 1975).

The Court will grant Val Pro's Motion for Summary Judgment on Claim for Attorney's Fees.

**III.     Kraus-Anderson's Motion for Summary Judgment.**

Kraus-Anderson also seeks reimbursement of its attorney's fees and costs for defending this case from Milwaukee. Kraus-Anderson argues that these expenses are recoverable as damages arising from Milwaukee's breach of its contractual duty to defend, which Kraus-Anderson asserts in Count II of its Counterclaims.

Milwaukee rejected Kraus-Anderson's tender before bringing this declaratory judgment action. The Minnesota Supreme Court has been clear in a long line of cases originating with *Morrison v. Swenson* that "where an insurance contract is intended to relieve the insured of the financial burden of litigation, the insured will not be required to pay the litigation costs of forcing the insurer to assume that burden." *Economy Fire*, 445 N.W.2d at 827 (internal quotation and citation omitted).

The Court will grant Kraus-Anderson's motion as it relates to Kraus-Anderson's claim for attorney's fees and costs incurred in this action. Insofar as Kraus-Anderson seeks an order compelling Milwaukee to comply with the December 2012 Order, the Court will deny that portion of the motion without prejudice based on Milwaukee's representations at oral argument that it has assumed its duty to defend Kraus-Anderson in the underlying lawsuit.

THEREFORE, IT IS ORDERED THAT:

1. Defendant Val Pro's Motion for Summary Judgment on Claim for Attorney's Fees [ECF No. 89] is GRANTED.

2. Defendant Kraus-Anderson's Motion for Summary Judgment on Claim for Attorney's Fees and Costs Incurred in this Action, and to Compel Plaintiff's Compliance with the Court's December 20, 2012 Order [ECF No. 97] is GRANTED IN PART and DENIED IN PART as described above.

3. Plaintiff Milwaukee's Motion for Summary Judgment Against Val Pro, Inc. and Kraus-Anderson Construction Company [ECF No. 104] is DENIED.

Dated: December 6, 2013

s/Joan N. Ericksen
The Honorable Joan N. Ericksen
United States District Judge